UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| MARIA DE LA LUZ MARIN,<br><br>Petitioner,<br><br>v.<br><br>JAMES JANECKA, Warden of the Adelanto Detention Center, et al.,<br><br>Respondents. | Case No. 5:26-cv-04595-DTB<br><br>**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS** |

**I.**

**RELEVANT PROCEEDINGS**

On August 12, 2026, petitioner Maria De La Luz Marin ("Petitioner"), proceeding pro se, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. (Docket No. 1). On August 24, 2026, (pursuant to General Order 26-05's expedited briefing schedule, see Docket No. 4), Respondents filed a Notice of Intended Removal of Petitioner and Response to Petition. (Docket No. 7). On August 25, 2026, the District Judge issued an order enjoining Respondents from transferring, relocating, or removing Petitioner outside of the Central District of California pending final resolution of this case or further order of the Court. (Docket No. 8).

On September 10, 2026, Petitioner filed an Amended Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 ("FAP") (Docket No. 11), and a Consent to Magistrate Judge (Docket No. 13). The District Judge approved Petitioner's consent on September 11, 2026. (Docket No. 14).

On September 21, 2026, (pursuant to this Court's September 14, 2026, Order Requiring Response to First Amended Petition, see Docket No. 16), Respondents filed an Answer to the FAP (Docket No. 19), along with the supporting Declaration of Daniel Llamas (Docket No. 19-1), and two supporting exhibits (Docket Nos. 19-2, 19-3). The FAP alleges the following claims: (1) Petitioner's re-detention violates procedural due process of the Fifth Amendment; (2) Petitioner's re-detention violates substantive due process of the Fifth Amendment; and (3) Petitioner's re-detention violates the Administrative Procedures Act. (Docket No. 19 at 6).

On October 6, 2026, Petitioner filed her Reply. (Docket No. 20).

## II.

## LEGAL STANDARD

A writ of habeas corpus is "available to every individual detained within the United States." Hamdi v. Rumsfeld, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973). A court may grant a writ of habeas corpus to a petitioner who demonstrates to be in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Traditionally, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." I.N.S. v. St. Cyr, 533 U.S. 289, 301 (2001). A noncitizen in the custody of immigration authorities may bring a writ of habeas corpus pursuant to 28 U.S.C. § 2241 on the grounds of their detention violates the

Constitution or other federal laws. 28 U.S.C. § 2241(c)(3); Zadvydas v. Davis, 533 U.S. 678, 687-88 (2001) (federal courts retain jurisdiction to consider habeas relief under Section 2241 for noncitizens subject to detention following an order of removal).

The Immigration and Nationality Act ("INA") establishes the procedures governing detention, release, and removal of noncitizens ordered removed from the United States. The statute at issue here, 8 U.S.C. § 1231(a), applies to detention following the entry of final order of removal, including individuals in withholding-only proceedings. See Johnson v. Guzman Chavez, 594 U. S. 523, 533 (2021); Avilez v. Garland, 69 F.4th 525, 530 (9th Cir. 2023).

Under 8 U.S.C. § 1231(a)(1)(A), an alien who has been ordered removed must be detained during the 90-day removal period. 8 U.S.C. § 1231(a)(1)(A); see also Johnson v. Arteaga-Martinez, 596 U.S. 573, 578 (2022). Detention during the removal period is mandatory. See 8 U.S.C. § 1231(a)(2). After the 90-day removal period, "the Government 'may' continue to detain an alien who still remains here or release that alien under supervision." Zadvydas, 533 U.S. at 683 (quoting 8 U.S.C. § 1231(a)(6)). However, the Supreme Court has found that Section 1231(a)(6) includes an implicit limit on "an alien's post-removal-period detention to a period reasonably necessary to bring about that alien's removal from the United States." Id. at 689. "[O]nce removal is no longer reasonably foreseeable, continued detention is no longer authorized by statute." Id. at 699. Recognizing constitutional concerns raised by such prolonged detention, the Supreme Court observed "Congress previously doubted the constitutionality of detention for more than six months," and, therefore, "for the sake of uniform administration in the federal courts," established a presumptively reasonable six-month period for post-removal-order detention. Id. at 701. This six-month period is a presumption, not a guarantee of release, and detention may continue so long as removal remains reasonably foreseeable. Id.

After the six-month period, the burden is on the alien to show that there is "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." Id.; see also 8 C.F.R. § 241.13 (setting out procedures to determine whether there is a significant likelihood of removal pursuant to Zadvydas). If the alien meets this burden, then the Government must "introduce evidence to refute that assertion" or release the alien. Id. However, the alien still "may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future." Id. Importantly, "for detention to remain reasonable, as the period of prior post removal confinement grows, what counts as the 'reasonably foreseeable future' conversely would have to shrink." Id.

However, once the government has commenced the execution of a removal order, a district court is without jurisdiction to intervene. Under 8 U.S.C. § 1252(g), "no court shall have jurisdiction to hear any cause or claim" arising from the government's decision to "commence proceedings, adjudicate cases, or execute removal orders." The Ninth Circuit has held that Section 1252(g) strips district courts of jurisdiction over claims challenging a decision to execute a removal order, notwithstanding a pending appeal for relief. See Rauda v. Jennings, 55 F.4th 773, 777-78 (9th Cir. 2022).

## III.

## ANALYSIS

As noted, the Ninth Circuit has held that 8 U.S.C. § 1252(g) strips a district court of jurisdiction to interfere with the Attorney General's execution of removal orders. See Rauda, 55 F.4th at 778 ("[U]nder a plain reading of the text of the statute, the Attorney General's enforcement of long-standing removal orders falls squarely under the Attorney General's decision to execute removal orders and is not subject to judicial review." (internal quotation marks omitted)). The instant FAP raises

claims under the Due Process Clause of the Fifth Amendment and seeks as a remedy Petitioner's immediate release from custody. (Docket No. 11 at 6-7). However, as stated by Respondents in their Answer to the FAP, Petitioner is subject to a final order of removal and has previously been removed in 2010, 2014, 2015 and 2019. (Docket No. 19 at 2). Moreover, Respondents filed a Notice of Intended Removal of Petitioner in this Court on August 24, 2026, after serving Petitioner with a copy on August 17, 2026. (See Docket No. 7).

In light of these undisputed facts, the Court concludes that Petitioner is not entitled to relief and that any ruling by this Court in favor of Petitioner would unduly interfere with Respondents' ability to effectuate Petitioner's final order of removal. See 8 U.S.C. § 1252(g).

Accordingly, pursuant to Section 1252(g), and the Ninth Circuit's holding in Rauda, this Court lacks jurisdiction to grant the relief requested in the FAP or otherwise impede the government's removal of Petitioner. Rauda, 55 F.4th at 778 (finding Section 1252(g) bars any challenge to the discretionary decision to execute a removal order "[n]o matter how [a petitioner] frames it.").

## IV.

## CONCLUSION

Based on the foregoing, the Court concludes that the FAP must be dismissed without prejudice for lack of jurisdiction.

**IT IS SO ORDERED**.

DATED: October 29, 2026

DAVID T. BRISTOW
UNITED STATES MAGISTRATE JUDGE